**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON LADD CHARLTON,<br><br>Defendant. | CR 26-08-M-WWM-2<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION AND SETTING SENTENCING HEARING |

Defendant Charlton entered a plea of guilty in open court before United States Magistrate Judge John T. Johnston on October 14, 2026. Judge Johnston entered findings and a recommendation in this matter on October 14, 2026. Neither party objected and, therefore, they are not entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

This Court reviews the findings and recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Johnston recommended that this Court accept Defendant Charlton's guilty plea after Defendant appeared before him pursuant to Federal Rule of

Criminal Procedure 11 and entered his plea of guilty to distribution of methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1), as set forth in Count 3 of the Superseding Indictment filed against him.

The Court finds no clear error in Judge Johnston's findings and recommendation (Doc. 282). Accordingly:

**IT IS HEREBY ORDERED** that Judge Johnston's findings and recommendation are adopted in full.

Therefore, **IT IS HEREBY ORDERED** that Defendant Charlton's motion to change plea (Doc. 213) is granted. Defendant Charlton is adjudged guilty as to Count 3 of the Superseding Indictment.

**IT IS FURTHER ORDERED** that:

1. Sentencing is set for Wednesday, February 10, 2027, at 9:00 a.m. in the Russell Smith Courthouse in Missoula.

2. The United States Probation Office shall conduct a presentence investigation and prepare a presentence report. Fed. R. Crim. P. 32(c), (d); 18 U.S.C. § 3552(a).

3. Following completion of the presentence report, the probation officer shall disclose the report (excepting any recommendations of the probation officer) to the Defendant, counsel for the Defendant, and counsel for the government on or

before January 7, 2027. The probation officer shall not disclose any recommendation made or to be made to the Court.

4. In accordance with USSG § 6A1.2, after receipt of the presentence report and no later than January 21, 2027, counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort. Any requests for extensions of time to present objections to the probation officer must be granted by the Court. Extensions will not be granted absent compelling reasons.

5. The Defendant shall present the probation officer with a written letter of acceptance of responsibility, if any, no later than January 21, 2027. Late acceptance letters will not be considered without leave of Court. *But see* Fed. R. Crim. P. 32(i)(4)(A)(ii) (recognizing that the Defendant has the right to address the Court orally at sentencing).

6. The presentence report, in final form, shall be delivered to the Court and the parties no later than February 4, 2027.

7. No later than February 5, 2027, a party may file a sentencing memorandum to aid the Court.

8. If objections are made to the draft presentence report by one or both parties that are not resolved, the objections and relevant facts and law pertaining to them shall be addressed in a sentencing memorandum. The Court will resolve disputes in accordance with U.S.S.G. § 6A1.3 at the sentencing hearing.

9. If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than February 5, 2027, of the identity of the witness as well as the scope, purpose, and anticipated duration of the intended testimony. The requirement that the opposing party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating *ex parte* application for witness subpoenas.

10. If the Defendant wishes to file letters of support, they shall be filed on or before February 5, 2027.

11. Any responses to sentencing memoranda shall be filed on or before February 8, 2027.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 29th day of October, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE